# EXHIBIT A

E-FILED
THURSTON COUNTY, WA
SUPERIOR COURT
05/20/2025 - 11:58AM
Linda Myhre Enlow
Thurston County Clerk

SUPERIOR COURT, STATE OF WASHINGTON, COUNTY OF THURSTON

| | |
|---|---|
| BARBARA ROE, an individual, | No. **25-2-01963-34** |
| Plaintiff, | |
| vs. | COMPLAINT FOR DAMAGES |
| ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, a foreign company, | |
| Defendants. | |

Plaintiff Barbara Roe, by and through their counsel of record, Best Law, PLLC, alleges as follows:

## I.    PARTIES, JURISDICTION, VENUE AND COVERAGE

1.1    Plaintiff Barbara Roe is an individual residing in Thurston County, Washington

1.2    Defendant Allstate Property and Casualty Company ("Allstate") is foreign insurance corporation conducting business in the State of Washington, County of Spokane.

1.3    At all times material hereto, Defendant Allstate has an office for the transaction of business in Thurston County, Washington.

COMPLAINT FOR DAMAGES - 1

BEST LAW PLLC
905 WEST RIVERSIDE, SUITE 409
SPOKANE, WASHINGTON 99201
PHONE (509) 624-4422
FAX: (509) 703-7957

1.4    At all times material hereto, Allstate was transacting business at the time the incident occurred in Thurston County, Washington.

1.5    Defendant Allstate is vicariously liable for acts and omissions of its employees and agents, including any outside person or entity to whom defendant assigned claims-handling or investigative responsibilities.

1.6    All acts alleged herein occurred in Thurston County, Washington.

1.7    Venue and jurisdiction are proper in this Court pursuant to RCW 2.08.010, 4.12.010(1), 4.12.025(1), and 60.04.141.

1.8    If this matter is removed to federal court, this complaint seeks a jury trial in federal court.

## II.    FACTS

2.1    Plaintiffs re-allege and incorporate by reference paragraphs 1.1 through 1.8.

2.2    Defendant Allstate issued an insurance policy to Plaintiffs insuring her home in Olympia, Washington. The policy covered the Plaintiff and her home. The plaintiff paid a valuable premium for the coverages and protections contained in the policy.

2.3    The Plaintiff is an insured and first-party claimants under the policy.

2.4    On May 21, 2024, a claim was opened between Allstate and the Plaintiff after a water loss occurred at her property. The water loss originated from the sprinkler which was connected to the 3-port digital hose timer outside of the home on a raised wood block spraying directly into the basement laundry window flooding five rooms. The property is located at 2020 Olympia Ave NE, Olympia, WA 98506.

COMPLAINT FOR DAMAGES - 2

BEST LAW PLLC
905 WEST RIVERSIDE, SUITE 409
SPOKANE, WASHINGTON 99201
PHONE (509) 624-4422
FAX: (509) 703-7957

2.5    The plaintiff gave prompt notice to Defendant Allstate.

2.6    Upon information and belief, the policy provides coverage for the dwelling, coverage for personal property, and other additional coverages.

2.7    Upon information and belief, the policy is an all-risk policy, which means that all risks are insured against expect for those specifically excluded.

2.8    The damage that occurred was covered under the policy.

2.9    The policy contains provisions relating to loss settlement.

2.10    Under the policy, damage to the building is paid on replacement-cost value basis. In many situations, the policy provides for the payment, of cash value until repair or replacement is complete.

2.11    Between the date of loss and June 19, 2024, Plaintiff attempted to work directly with Allstate to reach claim solution.

2.12    On May 21, 2024, Plaintiff hired Restoration 1 to perform mitigation services.

2.13    Due to Allstate's denial, Plaintiff retained Property Claim Advocates ("PCA") to represent them in their claim with Foremost.

2.14    On June 19, 2024, PCA notified Allstate of their representation of Plaintiffs by e-mail and first-class mail. In that correspondence, PCA requested a certified copy of the insuring agreement and all endorsements as well as all other pertinent claim documents/information.

2.15    On June 19, 2024, PCA sent an email to Defendant again requesting the insured's claim related documentation.

2.16    On November 21, 2024, PCA, on behalf of plaintiff, sent correspondence to Allstate

COMPLAINT FOR DAMAGES - 3

BEST LAW PLLC
905 WEST RIVERSIDE, SUITE 409
SPOKANE, WASHINGTON 99201
PHONE (509) 624-4422
FAX: (509) 703-7957

1   regarding their wrongful claim denial. Foremost failed to respond.

2   2.17   Insurance companies such as Defendant Allstate owe their policy holders numerous

3          duties upon the occurrence of a loss under an insurance policy.  For example:

4          ● Insurance companies owe their policyholders a duty of good faith.

5

6          ● Insurance companies have an obligation to tell the truth, to have a lawful
              purpose, to deal fairly with the policyholder, and to give equal consideration to
7             policyholders' interests as they do their own.

8          ● Insurance companies are prohibited from engaging in conduct toward their
              policyholders that is in any way unreasonable, frivolous, or unfounded.
9

10         ● Insurance companies must conduct a full, fair, and prompt investigation of all
              material aspects on the insurance claim at their own expense.
11

12         ● Insurance companies must provide prompt payment of a claim.

13  2.18   The Unfair Claims Settlement Practices Regulation, which is found in chapter 284-

14         30 of the Washington Administrative Code, imposes duties to the Plaintiff.   The

15         Unfair Claims Settlement Practices Regulation is incorporated herein by reference.

16         *See* WAC 284-30-330 to – 380.

17  2.19   Insurance industry standards in the State of Washington require Defendant Foremost

18         to comply with the Unfair Claims Settlement Practices Regulation.  The regulation

19         reflects minimum industry standards.

20

21  2.20   For example, insurance companies are prohibited by industry standards and

22         Washington Administrative Code Regulations (*see* WAC 284-30-330 to -380) from:

23         ● Misrepresenting facts and policy provisions.

24         ● Failing to acknowledge and act reasonably promptly upon communications
              with respect to claims arising under insurance policies.
25

26         ● Failing to adopt and implement reasonable standards for the prompt

27  COMPLAINT FOR DAMAGES - 4

28

investigation of claims.

- Failing to advise insured of what is necessary to complete the claim.

- Failing to assist the insured.

- Refusing to pay claims without a reasonable investigation.

- Compelling first party claimants into litigation or appraisal by offering substantially less than the amounts due under policies.

- Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of the claim.

- Failing to provide an explanation of the coverage under which payments were made.

- Attempting to transfer the cost of investigation to the insured.

- Failing to complete a full and fair investigation within 30 days.

- Insurance companies are responsible for the accuracy of evaluation to determine actual case value.

2.21    To ensure compliance with legal and industry standards:

- insurance companies have a responsibility to properly train employees involved in claims-handling activity, and

- insurance companies have a responsibility to supervise, evaluate, investigate, and (when necessary) discipline or terminate claims handlers who fall short of legal, industry, or company standards.

2.22    Foremost failed to respond to the pertinent communications from Property Claim Advocates, sent on behalf of the insureds.

2.23    It is a violation of insurance industry standards to discriminate against an insured simply because they are represented by a public adjuster.

2.24    Ms. Roe's home remains in a state of disrepair due to Defendants negligence and

COMPLAINT FOR DAMAGES – 5

BEST LAW PLLC
905 WEST RIVERSIDE, SUITE 409
SPOKANE, WASHINGTON 99201
PHONE (509) 624-4422
FAX: (509) 703-7957

1    acts of bad faith.

2    2.25    Allstate failed to properly investigate and pay this claim.

3    2.26    To date, the Plaintiff has not received all the benefits they are entitled to receive

4           under the policy.

5    2.27    Defendant Allstate has violated the Unfair Claim Settlement Practices Regulation,

6           fallen below insurance industry standards for handling insurance claims, and

7           breached the policy.

8    2.28    Ms. Roe's claim has yet to be resolved.

9    2.29    Defendant Allstate denied coverage for Ms. Roe's claim.

10   2.30    Defendant Allstate intentionally placed the financial interests of itself ahead of its

11          insureds, by failing to adequately inspect and provide payment sufficient for the

12          Plaintiff to return their home to its pre-loss condition.

13   2.31    Because of Defendant Allstate's conduct, Ms. Roe has been damaged in several

14          ways, including, without limitation, the following:

- Loss of use and enjoyment of their home;

- Having the hire counsel;

- Being denied payment under the policy for all rights and benefits;

- Exposure to increased inconvenience;

- Spending substantial time dealing with the insurance claim;

- Emotional distress, aggravation, and anxiety.

COMPLAINT FOR DAMAGES – 6

BEST LAW PLLC
905 WEST RIVERSIDE, SUITE 409
SPOKANE, WASHINGTON 99201
PHONE (509) 624-4422
FAX: (509) 703-7957

## III.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Insurance Fair Conduct Act – RCW 48.30 *et seq*., RCW 19.86 et seq.)**

3.1    This section is reserved to be amended if Allstate does not cure during the 20 day cure period under the statue.

### SECOND CAUSE OF ACTION
**(Breach of Contract)**

3.2    Plaintiff re-allege and incorporate by reference paragraphs 1.1 through 3.12.

3.3    Plaintiff and Defendant Allstate entered a mutual contractual relationship for the policy where Allstate would provide an insurance policy in consideration of payment by Plaintiff.

3.4    The policy is a valid, enforceable contract.

3.5    Plaintiff is entitled to full compliance with the policy.

3.6    Plaintiff is entitled to coverage and every benefit available to Plaintiffs under the policy.

3.7    Defendant Allstate's refusal to pay, adequately investigate, and communicate Plaintiff's claim regarding the policy is a breach of contract by Defendant Allstate.

3.8    Defendant Allstate's breach of contract is a proximate cause of the Plaintiff's damages.

### THIRD CAUSE OF ACTION
**(Bad Faith Violations)**

3.9    Plaintiffs re-allege and incorporate by reference paragraphs 1.1 through 3.19.

3.10    Plaintiff and Defendant Allstate entered into a contractual relationship for the policy.

COMPLAINT FOR DAMAGES - 7

BEST LAW PLLC
905 WEST RIVERSIDE, SUITE 409
SPOKANE, WASHINGTON 99201
PHONE (509) 624-4422
FAX: (509) 703-7957

3.11    Implied in every insurance contract in Washington State is a duty of good faith and fair dealing.

3.12    Defendant Allstate breached their duties of good faith when they failed to deal fairly with the Plaintiff by giving inequal consideration to the insurance company's interests, instead, choosing to pursue its finalization of the claim prior to properly evaluating and compensating Plaintiff.

3.13    Defendant Allstate further breached their duties when they forced the Plaintiff to seek counsel to pursue their covered losses.

3.14    Defendants failed to assess the damages and pay them in a timely manner.

3.15    Defendants' bad faith is a proximate cause of the Plaintiffs' damages.

3.16    Under Washington law in *Tank v. State Farm Fire & Cas. Co.,* 105 Wash.2d 381, 715 P.2d 1133 (1986). Defendants owes attorney fees and costs for its acts of bad faith.

### FOURTH CAUSE OF ACTION
### (Declaratory Judgment – RCW 7.24)

3.17    Plaintiff re-allege and incorporate by reference paragraphs 1.1 through 3.27.

3.18    Plaintiff seek a judgment from this Court declaring that they are entitled to coverage under the policy.

3.19    Plaintiff seek a judgment from this Court declaring the amounts of benefits to which they are entitled.

### FIFTH CAUSE OF ACTION
### (Negligent Claims Handling)

COMPLAINT FOR DAMAGES - 8

BEST LAW PLLC
905 WEST RIVERSIDE, SUITE 409
SPOKANE, WASHINGTON 99201
PHONE (509) 624-4422
FAX: (509) 703-7957

3.20    Plaintiff re-allege and incorporate by reference paragraphs 1.1 through 3.30.

3.21    Defendant Allstate's handling of the insurance claim was unreasonable.

3.22    Defendant Allstate's adjuster failed to investigate or procure a qualified expert to assess the damaged property.

3.23    Defendant Allstate is in violation of the provisions of the Unfair Claims Settlement Practices Act and Regulations and common law bad faith Washington legal precedents including but not limited to *Olympic Steamship Co. v. Centennial Insurance Co.* and *Tank v. State Farm.*

3.24    Defendant Allstate failed to adequately train Plaintiffs' claims handler in Washington's claims handling procedures under Washington law.

3.25    Defendant Allstate's adjuster unfairly discriminated against Plaintiff because she was represented by a public adjuster.

3.26    Plaintiff sustained damages as a result of the Defendant's negligent claims handling and illegal conduct.

## SIXTH CAUSE OF ACTION
### (Consumer Protection Act)

3.27    Plaintiff re-allege and incorporate by reference paragraphs 1.1 through 3.37.

3.28    Defendant Allstate committed an unfair trade practice when it acted in bad faith, violating WAC 284-30-330, WAC 284-30-360, WAC 284-30-370 and WAC 284-30-380.

3.29    Additionally, Defendant's wrongful claims handling also constitutes an unfair or deceptive trade practice.

COMPLAINT FOR DAMAGES - 9

BEST LAW PLLC
905 WEST RIVERSIDE, SUITE 409
SPOKANE, WASHINGTON 99201
PHONE (509) 624-4422
FAX: (509) 703-7957

3.30   Defendant, by refusing to participate in the claims process by ignoring pertinent claims communications and failing to provide an estimate for the loss for several months, constitutes an unfair or deceptive trade practice.

3.31   Defendant Allstate is engaged in the business of insurance which is one affected by the public interest as defined in RCW 48.01.030.

3.32   Plaintiff sustained injury to her property as a result of Defendant Allstate's actions.

3.33   Defendant's acts and omissions violated Washington's Consumer Protection Act, RCW 19.86.

## IV.   DAMAGES

4.1    Plaintiff re-alleges and incorporate by reference paragraphs 1.1 through 3.44.

4.2    Plaintiff has suffered general and special damages due to the actions of Defendants in amounts to be proven at trial.

4.3    Defendants' actions and failure to process the claim forced the Plaintiff to retain counsel and incur attorney fees.

4.4    Plaintiff has a contractual right to be adequately compensated for their damage by Defendant.

4.5    Plaintiff has sustained injuries due to Defendants unfair and deceptive acts/practices.

4.6    Plaintiff has been damaged by the acts and omissions of Defendants in an amount to be proven at trial.

4.7    Plaintiff hereby assert all facts asserted in their insurance fair conduct notices to Defendant.

COMPLAINT FOR DAMAGES - 10

BEST LAW PLLC
905 WEST RIVERSIDE, SUITE 409
SPOKANE, WASHINGTON 99201
PHONE (509) 624-4422
FAX: (509) 703-7957

1    **WHEREFORE**, Plaintiff Barbara Roe demand judgment against Defendants as

2   follows:

3       1.  Judgment against the Defendant for general damages and losses caused by

4           Defendant.

5       2.  Judgment against Defendant for special damages incurred by the Plaintiff.

6       3.  Judgment against Defendant for the Plaintiff taxable costs and disbursements

7           incurred herein and for statutory damages as authorized by contracts; the CPA,

8           IFCA, or other applicable statutes; as well as enhanced damages pursuant to RCW

9           19.86.090, RCW. 48.30.010 and *Olympic Steamship v Centennial Insurance Co.*,

10          117 Wn.2d 37, 811 P.2d 673 (1991).

11      4.  Pre-judgment interest and reasonable attorney's fees and costs as provided by

12          contract, equity, the CPA, IFCA, or RCW 4.84.250 et seq.; and Washington state

13          common law including: *Olympic Steamship v Centennial Insurance Co.*, 117

14          Wn.2d 37, 811 P.2d 673 (1991)., *Tank v. State Farm Fire & Cas. Co.*, 105 Wash.2d

15          381, 715 P.2d 1133 (1986), and

16      5.  For other and further relief as the Court may deem just and proper.

COMPLAINT FOR DAMAGES – 11

BEST LAW PLLC
905 WEST RIVERSIDE, SUITE 409
SPOKANE, WASHINGTON 99201
PHONE (509) 624-4422
FAX: (509) 703-7957

Dated: This 19th day, of May 2025.

BEST LAW, PLLC

By: _____

Ryan Best, WSBA #33672
Best Law, PLLC
905 W. Riverside, Suite 409
Spokane, WA 99201
Telephone: (509) 624-4422
ryan.best@bestlawspokane.com

COMPLAINT FOR DAMAGES – 12